UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
*Richmond Division*

| | |
|---|---|
| ARTHUR L. HAIRSTON, SR., <br>    Plaintiff, <br><br> v. <br><br> FOURTH CIRCUIT COURT OF <br> APPEALS, *et al.*, <br>    Defendants. | ) <br> ) <br> ) <br> )    Civil Action No. 3:24CV438 (RCY) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION**

In its Order to Show Cause entered on June 30, 2024, the Court granted *pro se* Plaintiff Arthur L. Hairston, Sr.'s application to proceed in forma pauperis ("IFP Application") but directed Plaintiff to file an Amended Complaint curing the deficiencies noted in the Order to Show Cause. Order, ECF No. 2. Plaintiff was warned that failure to comply with the terms of the Order to Show Cause could result in dismissal of the action. *Id*. On August 7, 2024, the Court received and docketed Plaintiff's Amended Complaint, ECF No. 5, which became the operative Complaint in this action, per the Court's Order to Show Cause. However, the newly filed Complaint fails to cure the deficiencies noted in the Order to Show Cause or otherwise abide by the terms of the Order and once again fails to state any cognizable claim.

I. **SUMMARY OF ALLEGATIONS**

Plaintiff has brought this action following what appears to be a string of cases before the United States District Court for the Northern District of West Virginia and the Fourth Circuit Court of Appeals, all of which stemmed from a decision by the Railroad Retirement Board ("RRB"). *See* Am. Compl. 5. Plaintiff alleges that the rulings by the Defendants constitute discrimination and fraud, which "are not covered under judicial immunity." *Id*. at 2. Specifically, Plaintiff alleges that "it is clear that the Court of Appeals for the Fourth Circuit and Judicial defendants

knew that what they were doing was discrimination and fraud," insofar as they "usurp[ed] the mandate of the 14th Amendment and [did] not enforc[e] it" when the Fourth Circuit found against Plaintiff on his appeal with respect to his railroad pension. *Id*. at 5–6.

Plaintiff seeks monetary damages from the Fourth Circuit, from individual *en banc* judges, and from the Railroad Retirement Board. *Id*. at 6.

## II. ANALYSIS

Once again, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. As previously stated in its Show Cause Order, this Court has no authority to reverse a prior decision of a higher Court. *See* Order, ECF No. 2. Notwithstanding Plaintiff's conversion of his "relief requested" into a damages plea, rather than a request for injunctive relief, Plaintiff is nevertheless asking this Court to find that a higher court improperly applied the relevant law, and that it acted improperly (i.e., fraudulently and/or with discriminatory intent) in doing so. This is borne out by Plaintiff's request that the Court "scrutinize the governmental action" at issue. *See* Am. Compl. 4. Plaintiff identifies no legal basis for the relief requested. His argument that the Fourth Circuit willfully misconstrued the Fourteenth Amendment in finding against him cannot, in and of itself, generate a constitutional question for *this* Court to consider. Accordingly, the Court is unable to discern a claim upon which relief may be granted, or even one upon which its jurisdiction may rest.

## III. CONCLUSION

Plaintiff's failure once again to plead a viable cause of action warrants dismissal of the action. Accordingly, the action will be dismissed without prejudice.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: August 16, 2024
Richmond, Virginia