UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
*Richmond Division*

ARTHUR L. HAIRSTON, SR.,　　　　　)
　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　)　　　　Civil Action No. 3:24CV438 (RCY)
　　　　　　　　　　　　　　　　　)
FOURTH CIRCUIT COURT OF　　　　　)
APPEALS, *et al*.,　　　　　　　　　)
　　　　　　　Defendants.　　　　　)
_____)

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 9), seeking reconsideration of the Court's Order dismissing the case for failure to state a claim. For the reasons set forth below, the Court will deny the Motion.

## I.　PROCEDURAL HISTORY

On July 30, 2024, the Court granted *pro se* Plaintiff Arthur L. Hairston, Sr.'s application to proceed *in forma pauperis* ("IFP Application") but dismissed the originally filed Complaint for failure to state a claim and directed Plaintiff to file an Amended Complaint curing the deficiencies noted in the Order to Show Cause. Order, ECF No. 2 (operating pursuant to 28 U.S.C. § 1915). On August 7, 2024, Plaintiff filed an Amended Complaint. ECF No. 5. After review, the Court found that Plaintiff's Amended Complaint failed to cure the deficiencies previously noted and, as a result of this failure to plead a viable cause of action, the Court dismissed the action without prejudice. *See* Mem. Op., ECF No. 7; Order, ECF No. 8. Plaintiff now seeks reconsideration of that decision, or alternatively to appeal the Court's decision to the Ninth Circuit Court of Appeals (on account of the fact that Plaintiff's claims are against the Fourth Circuit Court of Appeals). Mot. Recons., ECF No. 9.

## II.  SUMMARY OF ALLEGATIONS

Plaintiff's Amended Complaint contains three counts:

Count One: Discrimination and fraud by the Fourth Circuit Court of Appeals, insofar as the Fourth Circuit "usurp[ed] the mandate of the 14th Amendment [by] not enforcing it" in the context of earlier litigation regarding Plaintiff's entitlement to certain pension benefits, *see* Am. Compl. 2–3;

Count Two: Discrimination and fraud by the Named and Unnamed Judicial Defendants, insofar as Defendants did not find that Congress's change to the Railroad Retirement Pension violated Plaintiff's rights under the 14th Amendment, *id*. at 3–4;

Count Three: Discrimination and fraud by all Defendants, insofar as they "knew or should have known that their conduct usurping the mandate of the 14th Amendment and not enforcing it was discrimination and fraud, *id*. at 6.

Plaintiff asserts that "the District Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which grants the district courts 'original jurisdiction of all civil actions arising under the . . . laws . . . of the United States,'" and Article III, Section 2 of the U.S. Constitution, establishing that "the judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority.'"  *Id*. at 1 (capitalization and punctuation corrected).

Plaintiff seeks monetary damages from the Fourth Circuit, from individual Fourth Circuit judges, and from the Railroad Retirement Board.  *Id*. at 6.

## III.  STANDARD OF REVIEW

A motion for reconsideration "is an extraordinary remedy which should be used sparingly."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation and internal quotation marks omitted).  The Fourth Circuit has recognized relief under Federal Rule of Civil Procedure 59(e) in limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a

clear error of law or prevent manifest injustice." *Id.* (citations omitted).  Such issues "rarely arise," and motions to reconsider are rarely granted.  *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

Courts generally do not entertain motions to reconsider that ask the Court to "rethink what the Court ha[s] already thought through—rightly or wrongly." *Id.*  Moreover, "[a] prior decision does not qualify for this third exception by being 'just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 1995 WL 520978, *5 n.6 (4th Cir. 1995)).  More simply put, the Court's prior judgment must be "dead wrong." *Id.*  The burden is on the moving party "to show an alteration or amendment to the judgment is necessary to correct a clear error of law or to prevent a manifest injustice." *Healthkeepers, Inc. v. Richmond Ambulance Auth.*, 2011 WL 4899907, at *3 (E.D. Va. Oct. 14, 2011).

## IV.  ANALYSIS

Plaintiff urges the Court to reconsider its decision because the Court "has overlooked the fact that the [A]mended [C]omplaint is seeking liability damages under Article III and 28 U.S.C. [§] 1331 from the Defendants," and because the Court "has not offered one citation of authority as to why this Amended Complaint cannot proceed under Article III OR [§] 1331." Mot. Recons. 2.

The Court acknowledges that its prior Orders and Memorandum Opinion did not directly address the applicability of Article III and 28 U.S.C. § 1331.  Rather, its analysis found that Plaintiff's claims, writ large, failed to state a cognizable claim for relief or rational predicate for jurisdiction.  *See* Order to Show Cause 2–3, ECF No. 2; Mem. Op. 2, ECF No. 7; *see also Malbon v. Penn. Millers Mut. Ins. Co.*, 636 F.2d 936, 939 n.8 (4th Cir. 1980) (explaining that it is not

"absolutely necessary" that a court specifically recite and discuss each argument advanced by the parties).  Nothing in Article III or § 1331 contradicts that conclusion.

Article III, Section 2 of the United States Constitution merely outlines the authority of the federal courts to hear particular kinds of cases, including, as Plaintiff would have it, cases arising under the Constitution and the laws of the United States.  However, Article III, Section 2 does not stand for the proposition that mere invocation of the Constitution creates an actionable claim. Likewise for 28 U.S.C. § 1331.  The Court fully embraces the fact that it has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  That principal operates independently from the question of whether Plaintiff's Amended Complaint states any cognizable claim on which such a civil action may proceed.  And indeed, as previously found, Plaintiff's Amended Complaint does not.  Instead, Plaintiff endeavors to state a claim based on "fraud" and "discrimination," on account of the Fourth Circuit's alleged "usurping" of and failure to enforce the 14th Amendment.  The Court stands by its prior determination that this is merely a disguised appeal of the Fourth Circuit's previous judgment.

## IV.  CONCLUSION

As a result of the foregoing, the Court will deny Plaintiff's Motion for Reconsideration. An appropriate Order shall issue.

_____ /s/
Roderick C. Young
United States District Judge

Date:  October 7, 2024
Richmond, Virginia